UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

KENNETH DEAN CIMIOTTA,  Plaintiff,

v.  Civil Action No. 3:17-cv-P594-DJH

RYAN SLAUBAUGH,  Defendant.

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff Kenneth Dean Cimiotta filed a *pro se* 42 U.S.C. § 1983 complaint proceeding *in forma pauperis*. On initial screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007), the Court ordered Plaintiff to provide additional information concerning the state charges against him. Plaintiff has complied (DN 6). For the foregoing reasons, this action will be dismissed in part and allowed to continue in part

**I.**

Plaintiff identifies himself as a pretrial detainee at the Hardin County Detention Center. He names Elizabethtown Police Officer Ryan Slaubaugh as Defendant in his individual and official capacities. Plaintiff states that on September 18, 2016, he was pulled over by Defendant because the light on his rear license plate not working. However, he asserts that a video of the traffic stop shows that the light was working. He alleges: "After almost a year charges were dropped on September 12, 2017, have been in jail almost six months on these charges." Plaintiff alleges: "false arrest[;] unlawful containment[;] illegal search and seizure[;] harassment[; and] profiling."

**II.**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 604.

The U.S. Supreme Court has held:

> If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.

*Wallace v. Kato*, 549 U.S. 384, 393 (2007). In light of *Wallace v. Kato*, if Plaintiff had a criminal case stemming from his allegations that is still pending, it might be necessary for the Court to stay the instant action until completion of the criminal matter. Alternatively, if Plaintiff has been convicted of the charges which he claims were brought illegally, his claims might be barred by the doctrine announced in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Under the *Heck* doctrine, a state prisoner may not file a § 1983 suit for damages or equitable relief challenging his conviction or sentence if a ruling on his claim would render the conviction or sentence invalid, until and unless the conviction or sentence has been reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87; *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable

relief), no matter the target of the prisoner's suit . . . - if success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

Accordingly, the Court ordered Plaintiff to provide additional information as to the status of the criminal charges against him (DN 5). In response (DN 6), Plaintiff provided documents pertaining to a state-court criminal action against him (16-CR-00851) in Hardin Circuit Court. That criminal case consisted of charges of several criminal offenses including "rear license not illuminating." Plaintiff has provided a copy of an agreed order dismissing this criminal action without prejudice entered by the Hardin Circuit Court on September 5, 2017. Therefore, it appears that neither a stay pursuant to *Wallace v. Kato* nor the imposition of the *Heck v. Humphrey* bar is warranted in this case. The Court will allow Plaintiff's individual-capacity claims against Defendant Slaubaugh to proceed.

However, the Court must dismiss Plaintiff's official-capacity claims. Defendant Slaubaugh is an Elizabethtown police officer. If an action is brought against an official of a governmental entity in his official capacity, the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, in the case at bar, Plaintiff's claims against an Elizabethtown police officer in his official capacity are actually brought against the City of Elizabethtown. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

When a § 1983 claim is made against a municipality, a court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

Here, Plaintiff identifies no policy or custom of the City of Elizabethtown connected to the alleged unconstitutional conduct. Therefore, the official-capacity claims against Defendant will be dismissed.

### III.

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's official-capacity claims against Defendant Slaubaugh are **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).

A separate Scheduling Order will be entered to govern the development of Plaintiff's continuing claims. In allowing those claims to go forward, the Court offers no opinion on their ultimate merit.

Date: January 26, 2018

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
Defendant
Elizabethtown City Attorney
4415.009